# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

ANTOINE NELSON,

        Plaintiff,

v.

CAPTAIN TRITT and
LIEUTENANT BURNS, both
sued in their individual capacity,

        Defendants.

Case No. 25-CV-

**COMPLAINT WITH JURY DEMAND**

---

## NATURE OF THE ACTION

**NOW COMES** Plaintiff Antoine Nelson, Pro Se, for his claims against the Defendants, alleges and states as follows:

1. This is a civil rights action in which Plaintiff, Antoine Nelson seek relief and all damages that flow from Defendants' multiple violations of his rights, privileges and immunities as secured by the Eighth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983.

2. At all times relevant to this litigation, Mr. Nelson was an inmate at the Waupun Correctional Institution in Waupun, Wisconsin.

1

3. At all times Relevant, Defendants owed Mr. Nelson a duty of Safety and Security from harm.

4. At all times relevant, Defendants willfully and deliberately ignored their duties, specifically their duties to ensure Mr. Nelson's Safety while being a prisoner in their care.

5. At all times relevant, Defendants used excessive force by deploying their tasers upon Mr. Nelson, without warning.

6. Defendants' actions constituted excessive force from corrections staff.

7. Defendants' use of excessive force on Mr. Nelson, violated his Rights to be Free from Cruel and Unusual Punishment.

8. Mr. Nelson seek all relief appropriate and allowable resulting from the constitutional violations Defendants inflicted upon him.

9. As part of the aforementioned relief, Plaintiff seek damages, including any and all damages recoverable under all applicable State Laws, 42 U.S.C. §§ 1983 and 1988, attorney's fees and costs, and any further relief deemed proper by this Honorable Court.

## JURISDICTION

10. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Civil Action seeks compensatory, and punitive damages, under 28 U.S.C. §§ 1343, 2201 and 2202; and 42 U.S.C. § 1983.

## VENUE

11. Venue is proper under 28 U.S.C. § 1391(b).

**PARTIES**

**<u>Plaintiff</u>**

12. Plaintiff Antoine Nelson is a prisoner housed in the Wisconsin Department of Corrections (WDOC) at Columbia Correctional Institution (CCI). Mr. Nelson was a Prisoner at Waupun Correctional Institution for times relevant to this litigation.

**<u>Defendants</u>**

13. Defendant Tritt is a Captain at Waupun Correctional Institution (WCI).

14. Defendant Burns is a Lieutenant at WCI.

**FACTUAL ALLEGATIONS**

15. The Defendants work for the WDOC and know the Mission Statements. It States "Mission: Protect the public, our staff, and those in our charge."

16. The Defendants knew the Core Values of the WDOC. It States: "Core Values: we are accountable to each other and the citizens of Wisconsin." The Second bullet point under core values states "We demonstrate competence and proficiency in the work necessary to accomplish our mission."

17. The Defendants know that under the mission statement and core values of the WDOC states: "We do what's right Legally and Morally as demonstrated by our actions." It further States "We expect ethical behavior and integrity in all we do." It further states "We require honesty, adherence to the law, and fair and equitable treatment of others." It further states "we treat all people with dignity and respect."

3

18. At all times relevant to this litigation, Defendants deployed their tasers simultaneously on the Plaintiff.

## PLAINTIFF ALLEGATIONS

19. Defendants, acting under the color of state law, violated the Plaintiffs Eighth Amendment Right to be Free from Cruel and Unusual Punishment by Use of Excessive Force.

20. On August 19, 2022, Defendants deployed their tasers at the Plaintiff simultaneously causing bodily harm.

21. At times relevant to this litigation, defendants tasers were deployed without warning, when the Plaintiff posed no danger to himself or anyone else.

22. Defendants deployed their tasers simultaneously out of frustration and impatience.

23. The situation was not a tense situation that required no force whatsoever.

24. Defendants do not have unfettered consent to deploy their tasers without warning.

25. Defendants only deployed their tasers to injure Mr. Nelson, and acted Maliciously and Sadistically, to cause him harm.

26. Plaintiff was left with scars and mental anguish due to the amount of force used on him. Plaintiff was seen by the Nurse and was told he would require ongoing care.

27. Using two tasers for full cycles (5 seconds) was double the voltage the Defendants were trained to use on a single person.

## EXHAUSTION

28. Plaintiff has exhausted any and all available remedies

4

**CLAIMS**

**COUNT I – VIOLATION OF THE EIGHTH AMENDMENT**

29. Plaintiff realleges the above paragraphs and incorporates same as if more fully set forth herein.

30. The Eighth Amendments prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir. 2001).

31. When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 7 (1992); *Santiago v. Walls,* 599 F.3d 749, 757 (7th Cir. 2010).

32. Several factors are relevant to this determination, including the need for force, the amount of force applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson,* 503 U.S. at 7; *Fillmore v. Page,* 358 F.3d 496, 504 (7th Cir. 2004).

33. "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated. This is true whether or not significant injury is evident." *Hudson,* 503 U.S. at 9.

34. At all times relevant, Mr. Nelson was entitled to all rights, privileges and immunities afforded to all incarcerated citizens of the State of Wisconsin and the United States.

35. At all times relevant, the Plaintiff had a Right to be Free from Cruel and Unusual Punishment.

36. In the context of a claim of excessive force, the Plaintiff mush show both that (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional

5

violation," and (2) "the officials act[ed] with a sufficiently culpable state of mind." *Hudson v. McMillian,* 503 U.S. at 8, 112 S.Ct. 995 (*quoting Wilson,* 501 U.S. at 298, 303, 111 S.Ct. 2321).

37. At all times relevant, Defendants, with Malice, Sadism, and Recklessness, use their tasers on Mr. Nelson excessively in violation of the Eighth Amendment of the United States Constitution.

   **WHEREFORE**, Plaintiff prays for judgment against Defendants for actual and compensatory damages, punitive damages, the cost of this action, reasonable attorney's fees, interest as provided by law, and all other further relief this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED,

Dated this 7th day of January, 2025

Electronically Signed By: s/
Antoine Nelson 250267, Pro Se
Columbia Correctional Institution
2925 Columbia Drive, P.O. Box 950
Portage, WI 53901-0950
(608) 742-9100 Ext. 9165

6