**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ANTOINE NELSON,**
**Plaintiff,**

**v.** **Case No. 25-C-32**

**CAPTAIN TRITT, et al.**
**Defendants.**

---

## SCREENING ORDER

Plaintiff Antoine Nelson, an individual incarcerated at Columbia Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that defendants violated his civil rights. Plaintiff paid the $405 filing fee. This order screens his complaint.

## I. SCREENING THE COMPLAINT

### A. Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The complaint concerns events that allegedly occurred while plaintiff was incarcerated at Waupun Correctional Institution. It names Captain Tritt and Lieutenant Burns as defendants, sued in their individual capacities.

Plaintiff alleges that on August 19, 2022, defendants used their tasers on him simultaneously, which he alleges caused him harm. He says they deployed their tasers "without warning, when the Plaintiff posed no danger to himself or anyone else." ECF No. 1, ¶ 21. He alleges that defendants used their tasers "out of frustration and impatience," not during "a tense situation," and only to injure or harm him. *Id.*, ¶¶ 22–23, 25. Plaintiff alleges that defendants used the tasers for full five-second cycles, which he

says is “double the voltage” that defendants were trained to use on a single person. *Id.*, ¶ 27. Plaintiff says he has scars and mental anguish from the event. He says he saw a nurse, who told him that he “would require ongoing care.” *Id.*, ¶ 26. He seeks unspecified actual, compensatory, and punitive damages.

**C. Analysis**

I analyze plaintiff’s allegations of excessive force under the Eighth Amendment, which protects a convicted prisoner from cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). “[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment.” *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). An Eighth Amendment claim consists of an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For a claim of excessive force, plaintiff must show both that (1) “the alleged wrongdoing was objectively ‘harmful enough’ to establish a constitutional violation,” and (2) “‘the officials act[ed] with a sufficiently culpable state of mind.’” *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303). The “core judicial inquiry” is “whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.” *Id.* at 6 (citing *Whitley*, 475 U.S. at 320–21).

Plaintiff alleges that defendants tased him simultaneously, without warning, for a full five-second cycle with the intent to injure him. He says they did injure him, and that he has scars requiring additional care. It is possible defendants had a reason to deploy their tasers—aggression, disruption, physical threat, insubordination. Using their tasers for any of these reasons may have been justified and not in violation of plaintiff’s Eighth Amendment rights. *See Lewis v. Downey*, 581 F.3d 467, 476–77 (7th Cir. 2009) (citing

cases from Sixth, Seventh, Eighth, and Tenth Circuits). But the complaint says nothing about any of those scenarios, and instead alleges that plaintiff posed no threat and gave no reason for such use of force. Using a taser without warning or out of frustration or impatience would likely constitute excessive force. *See id.* at 477–78 (citing *Treats v. Morgan*, 308 F.3d 868, 873 (8th Cir. 2002)).

I must accept the allegations in the complaint to be true for purposes of screening. With that standard in mind, I find that the complaint states an Eighth Amendment claim of excessive force against defendants. Plaintiff may proceed on that claim for damages.

## II. CONCLUSION

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Captain Tritt and Lieutenant Burns at Waupun Correctional Institution. It is **ORDERED** that, under the informal service agreement, defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all

[1] The Prisoner E-Filing Program is mandatory for all prisoners of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

other prison facilities (or who are not incarcerated) must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 6th day of February, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge