IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANTOINE NELSON,

       Plaintiff,

v.                              Case No. 25-CV-0032

KYLE TRITT AND MATTHEW BURNS,

       Defendants.

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Kyle Tritt and Matthew Burns, by their attorneys, Wisconsin Attorney General Joshua L. Kaul and Assistant Attorney General Bradley P. Soldon answer Plaintiff's Complaint.

1.      ADMIT that Plaintiff has filed this civil lawsuit pursuant to 42 U.S.C. § 1983.

2.      ADMIT Plaintiff was incarcerated at Waupun Correctional Institution during times relevant to this matter.

3.      Defendants AFFIRMATIVELY ALLEGE Plaintiff's assertions set forth a legal conclusion to which no response is required.  Defendants DENY that any of Plaintiff's rights were violated.

4.      DENY.

5.      DENY.

6.      DENY.

7. DENY.

8. Defendants AFFIRMATIVELY ALLEGE this paragraph does not contain a factual allegation to which to respond. To the extent a response is required, Defendants DENY.

9. Defendants DENY Plaintiff is entitled to any relief he seeks.

## JURISDICTION

10. Defendants ADMIT jurisdiction is proper in this case, subject to Defendants' claim of sovereign immunity as detailed below.

## VENUE

11. Defendants ADMIT venue is proper.

## PARTIES

12. ADMIT Plaintiff is currently incarcerated at Columbia Correctional Institution; ADMIT Plaintiff was incarcerated at Waupun Correctional Institution during times relevant to this matter.

13. ADMIT only that Defendant Tritt was employed at Waupun Correctional Institution during times relevant to this matter.

14. ADMIT only that Defendant Burns was employed at Waupun Correctional Institution during times relevant to this matter.

## FACTUAL ALLEGATIONS

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the statement because Plaintiff did not submit the "Mission Statements" for examination therefore, DENY.

2

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the statement because Plaintiff did not submit the "Mission Statements" for examination therefore, DENY.

17.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the statement because Plaintiff did not submit the "Mission Statements" for examination therefore, DENY.

18.     DENY.

**PLAINTIFF ALLEGATIONS**

19.     DENY.

20.     DENY.

21.     DENY.

22.     DENY.

23.     DENY.

24.     Defendants AFFIRMATIVELY ALLEGE this paragraph does not contain a factual allegation to which to respond. To the extent a response is required, Defendants DENY.

25.     DENY.

26.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation, and therefore, DENY; Defendants lack personal knowledge or information to form a belief as to the truth of the allegations because at the time of this answer the Defendants do not have a signed medical release from the Plaintiff and therefore, DENY.

3

27. DENY.

## EXHAUSTION

28. ADMIT only that Plaintiff submitted WCI-2022-12575.

## CLAIMS

29. Defendants repeat and incorporate its answers to Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30-36. Defendants AFFIRMATIVELY ALLEGE Plaintiff's assertions set forth a legal conclusion to which no response is required. Defendants DENY that any of Plaintiff's rights were violated.

37. DENY.

## RELIEF WANTED

Defendants DENY Plaintiff is entitled to any relief he seeks.

## JURY DEMAND

Defendants demand a jury trial in this matter.

## OTHER

Defendants DENY any allegations not specifically admitted to above.

## DEFENSES

1. All or portions of Plaintiff's complaint must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies.

2. To the extent Defendants are named in their personal capacity, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of qualified immunity.

4

3. To the extent Defendants are named in their official capacity, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4. This action may be subject to the requirements, provisions, terms, conditions, and limitations of 42 U.S.C. § 1997e.

5. Plaintiff may have failed to mitigate any harm and/or damages.

Dated: April 7, 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Bradley P. Soldon
BRADLEY P. SOLDON
Assistant Attorney General
State Bar #1115763

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-6823
(608) 294-2907 (Fax)
soldonbp@doj.state.wi.us