# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

ANTOINE NELSON,

      Plaintiff,

v.                      Case No. 25-CV-0032

KYLE TRITT, et al.,

      Defendants.

---

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

### INTRODUCTION

The Court allowed Plaintiff Antoine Nelson, an inmate in the Wisconsin Department of Corrections'(WDOC) custody housed at all times relevant to this suit at Waupun Correctional Institution(WCI), to proceed on an Eighth Amendment excessive force claim against Defendants Kyle Tritt and Matthew Burns for deploying their tasers on him out of frustration or impatience, without warning, when Plaintiff posed no threat and gave no reason for such use of force.(Dkt. 4 at 4.) Defendants now seek dismissal on the grounds that Nelson's claim lacks merit and that Defendants are entitled to Qualified Immunity.(Dkt. 14.)

Defendants' Motion for Summary Judgment collapses under its own record. The evidence, both their own summary judgment materials, and the Plaintiff's Opposition evidence, shows that Mr. Nelson posed no threat, he was compliant with their directives and was still tased while being subdued. Nelson's claim is meritorious because the record demonstrates this was a coordinated and well

Recipient# 250267, Sender# 5915814, Letter# 7563479,    Page 4 of 11

executed plan to harm Mr. Nelson. Not just the evidence presented here shows Defendants acted with Malice, but the lack of body worn cameras by supervisors, the lack of institution video that Plaintiff requested be preserved or that should have been triggered to be preserved during their own excessive force reviews, shows concealment of intentional wrongdoing. Any reasonable trier of fact would find for Nelson. Additionally, even if a fact finder could justify the deployment of Defendant Burns' taser, then surely they couldn't justify the second deployment almost six minutes later, while subdued and compliant in Defendants' own declarations. For the foregoing reasons, the Defendants are precluded from summary judgment.

Additionally, if the Court denies Summary Judgment to Defendants, they are also not entitled to qualified immunity. Even if there is no closely analogous case holding that the Defendants were not allowed to use minimal force..., there is a more general constitution rule that applies "with obvious clarity" to the Defendant's conduct. The Plaintiff respectfully request the Court Deny Defendants' motion for Summary Judgment and proceed to trial.

STATEMENT OF FACTS

<u>PARTIES</u>

Plaintiff Antoine Nelson is an inmate in the Wisconsin Department of Corrections(WDOC) custody housed at all times relevant to this suit at Waupun Correctional Institution(WCI). (Nelson Decl. ¶¶1-2.)

Defendant Matthew Burns was a Lieutenant at WCI during times relevant to this suit.(Defendants' Proposed Findings of Fact(DPFOF)

2

Recipient# 250267, Sender# 5915814, Letter# 7563479,        Page 5 of 11

¶¶3-4.)

Defendant Kyle Tritt was a Captain at WCI at times relevant to this suit.(DPFOF ¶¶5-6.)

## INSTITUTION SAFETY AND TASER USE

Plaintiff is not privy to the training and techniques used by corrections staff in the use of tasers or principles of subject control.

## August 19,2022,Use of Force

Prior to 2:40pm on August 19, 2022, Defendants Burns and Tritt planned a coordinated attack on Plaintiff. Burns never unintentionally walked passed Nelson's cell and saw him with a phone. Through their investigations, they were aware of the cell phone, hence the reason for the pre-planned use of force on Mr. Nelson. Burns and Tritt were already together on their way to Nelson's cell, thats why Burns only reported seeing CO Matthies and Lt. Staniec on the range for back-up if necessary. Burns never reported in his original incident report that he said "drop it", this was Tritts manufactured version of what Burns stated. Burns did not state he had a position of advantage because Nelson was on the top bunk, in reality, he stated it was because he had weapons is why he felt he had the advantage.(Pltf. Ex. 9 p.1-2;Def. Ex. 1000-2; Ex. 1001-2.)

Nelson followed all directives at all times. Burns never reached for the phone, he only directed Nelson to put his hands up and get down on his knees, which he was doing. Mr. Nelson never lowered his center of gravity or take any sort of attack posture. Defendants both came in tasers drawn to harm Plaintiff. Defendants assert they simultaneously drew their tasers which

3

Recipient# 250267, Sender# 5915814, Letter# 7563479,          Page 6 of 11

cooberates Nelson's version of events. Nelson never made any forward motion toward Burns. Defendants state in one document Nelson attempted to smash the phone, then state he succesfully smashed the phone. Those are two quite different versions, none of which are true. (Nelson Decl. ¶¶14-19; DPFOF ¶22.)

Burns activated his taser at 14:40:26 Central Daylight Time, Nelson was compliant, then for no explanation whatsoever Tritt deployed his taser at 14:46:17 Central Daylight time. This was unjustified, especially when Defendant's own PFOF and declaration supports and confirms Nelson's compliance. The only person whom submits evidence of this discrepancy is Nelson. Defendants intended to harm Plaintiff.(Nelson Decl. ¶¶6-12, 15-19; Def. Ex. 1003-2 & 1003-4.)

## SUMMARY JUDGMENT STANDARD

The Court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); see also Anderson v. Liberty Lobby,Inc., 477 U.S. 242, 248(1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324(1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a resonable jury could return a verdict for the nonmoving party." Id.

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587(1986).

4

Recipient# 250267, Sender# 5915814, Letter# 7563479,    Page 7 of 11

## ARGUMENT

I.   GENUINE ISSUES OF MATERIAL FACT EXIST THAT PRECLUDE
     SUMMARY JUDGMENT.

A. BURNS' USE OF THE TASER.

Nelson argues that this was a planned cell entry to harm him. Defendants' reports show they had a plan to have Nelson exit his cell, it remains unclear as to why that plan wasn't followed. Its not plausable that Burns could walk past a dark cell(that another supervisor said he had to use a flashlight while standing in the doorway to see inside), and see a very small cell phone in the hand of a dark skinned individual. Nelson argues he followed all directives, including to put his hands up(which everyone knows when authority figures point their weapon at you, you put your hands up). Nelson further argues that Burns' original reports says he was compliant and says "you got me". Nelson never made any gesture toward Burns. Neither Defendant or non-defendant staff ever turned on the light in Nelson's cell. This should direct your attention to the timing of the taser deployments. Burns' activation record shows he pulled his trigger at 14:40:26. Burns ordered Nelson off of his bed then uses his proximity as an excuse to deploy the taser. Again, Nelson disputes any penalogical interest existed for Burns to deploy his taser.

B. TRITTS USE OF THE TASER.

Nelson argues Tritts taser deployment was also unjustified. Several issues arrise when you look at Tritts declaration along with their own exhibits. First, Tritt acknowleged that Nelson's compliance in his own declaration in paragraph twenty, suggest that he knew his second deployment of his taser was excessive. Tritt pulled his trigger at 14:46:12. This could never be

5

Recipient# 250267, Sender# 5915814, Letter# 7563479,    Page 8 of 11

justified when Tritt's own sworn declaration says Nelson was compliant after the first tasing. This sworn statement should not be misinterpreted because the physical evidence shows the actual timing of Tritts deployment of his taser. Tritt says in his excessive force review at Waupun that they were stacked up at the door, made cautionary planning and drew his taser prior to entry of Nelson's cell for precautionary measures. There was no way for Nelson to excape what was coming for him. Tritt acted with malice and clear disregard for the safety of Mr. Nelson. Tritt and Burns were seemingly bragging why they had the advantage over Nelson. "we had our OC Steamer, Our Mk3's and X26P tasers". There is direct evidence that Tritt inflicted unnecessary and wanton pain upon Plaintiff that amounted to excessive force in violation of the Eighth Amendment of the United States Constitution.

Accordingly, the evidence submitted at this juncture are "genuine" issues of "material fact" that are in dispute. As such, The Defendants are Not Entitled to Summary Judgment; this case should proceed to trial.

II.     THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY.

A. PLAINTIFF OVERCOMES THE DEFENDANTS' QUALIFIED IMMUNITY DEFENSE.

Qualified immunity "protects government officials from suit for damages when their conduct doesnot violate clearly established statutory or constitutional rights." <u>Pearson v. Callahan, 555 U.S. 223, 231(2009)</u>. Determining whether a state official is entitled to qualified immunity involves two inquiries: "(1) whether the facts, taken in the light most favorable to the Plaintiff, make out a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the

6

Recipient# 250267, Sender# 5915814, Letter# 7563479,        Page 9 of 11

alleged violation." <u>Williams v. City of Chicago</u>, 733 F.3d 749, 758 (7th Cir. 2013). If either inquiry can be answered in the negative, the official is entitled to summary judgment.

A constitutional right is clearly established if "the right in question [is] sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Lindell v. Pollard</u>, 558 F. Supp. 3d 734, 744(E.D. Wis. 2021) (quoting <u>Weinmann v. McClone</u>, 787 F.3d 444, 450(7th Cir. 2015).

Both Defendants would have known that deploying a taser on a non-resistant prisoner would violate clearly established law. Additionally, as for the defendants' qualified immunity argument, the same factual disputes related to the use of their tasers preclude a finding of qualified immunity at this stage. See <u>Stewardson v. Biggs</u>, 43 F.4th 732, 736 (7th Cir. 2022) (dismissing interlocutory appeal of denial of qualified immunity because factual disputes precluded district court from determining whether defendant violated clearly established law). As such, Defendants are not entitled to qualified immunity and Summary Judgment should be Denied.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully request that this Court DENY Defendants' motion for summary judgment in its entirety and proceed this case to trial.

Dated this 22nd day of November ,2025.

RESPECTFULLY SUBMITTED,

7

Recipient# 250267, Sender# 5915814, Letter# 7563479,        Page 10 of 11

By: _____
Antoine Nelson, Pro Se
Columbia Correctional Inst.
P.O. Box 950
Portage, WI 53901-0950

8

Recipient# 250267, Sender# 5915814, Letter# 7563479,    Page 11 of 11